In the Matter of the Estate of ROBERT A. McCAUGHIN, Deceased.

Surrogate's Court, Essex County, December 24, 1929.

*Thomas O'Connor* [*Fred W. Dudley* of counsel], for Annie E. McCaughin.

*Richard F. Hayes* [*Frank B. Wickes* of counsel], for Robert D. McCaughin and Edward F. McCaughin.

*James C. McMahon,* special guardian of Jane McCaughin, Stephen McCaughin and John McCaughlin, infants.

OWEN, S.  Robert A. McCaughin died on November 12, 1912, leaving him surviving a brother, Daniel McCaughin, and a sister, Annie E. McCaughin.

After directing his executor to pay his debts and funeral expenses, the testator disposes of his property as follows:

" *Second.* I will, devise and bequeath all the rest residue and remainder of my real and personal property to my brother Daniel McCaughin to have and to hold the same unto himself and to his

heirs forever, but upon condition that the said Daniel pay to my sister Annie E. McCaughin $1500.00 within a year from and after my death in case the said Annie E. shall then be living. And in case my said sister Annie E. shall outlive my said brother Daniel, then and in that case I will and devise the aforesaid real and personal property herein devised and bequeathed to the said Daniel to my said sister Annie E. McCaughin to have and enjoy the use thereof for and during the term of her natural life.

"*Third.* All that shall remain after the life estate of my said sister, I will devise and bequeath to Edward F. McCaughin, Catherine Jane McCaughin and Robert D. McCaughin, children of my brother Edward McCaughin share and share alike to such as shall survive my said sister Annie E."

Robert A. McCaughin was born September 21, 1850; Daniel McCaughin was born April 15, 1849; the date of Annie E. McCaughin's birth is not in the record, but she is said to be younger than Robert.

At the time of the execution of the will the testator was fifty-four years of age and his brother Daniel was fifty-five. They were brothers who had always lived together and each owned a one-half interest in the property. Each was a bachelor and they with their sister, Annie E. McCaughin, occupied the homestead.

Daniel died on January 31, 1927, leaving his sister, Annie E. McCaughin, surviving.

When the will in question was executed, at the same time and place, another will, identical in all respects except for the interchange of names of testator and beneficiary, was executed by the brother Daniel McCaughin, and signed by the same subscribing witnesses.

After the death of Robert and the probate of his will, Daniel treated the property as his own and sold and conveyed some of the real property. His sister Annie, so far as the record shows, acquiesced in his so doing.

There are certain rules which the courts have announced as applicable to the process of elucidating and carrying out the testamentary desires of those to whom the law gives the right of testamentary disposition.

Said rules, of course, are to be applied only when the testator has expressed himself in ambiguous or doubtful language. The duty of the court is to ascertain what the testator actually intended by the language employed by him and then to determine whether such intended provisions are valid or otherwise.

One of these rules is now well settled, namely, that when an estate is conveyed in one clause of an instrument by clear and concise

terms, it cannot be cut down or limited by subsequent or ambiguous words inferential in their intent.

Another well-established rule is that where there is a devise to one person in fee, and in case of his death to another, the primary devisee surviving the testator takes absolutely. But this rule cannot extend to a case where a point of time is mentioned other than the death of the testator, to which the contingency can be referred.

The question here is whether under the will of the testator Daniel takes absolute title or only a life estate.

The testator first devised and bequeathed all his property to his brother Daniel, not for life but the absolute title and fee. Then in the same paragraph he provides as follows: "And in case my said sister Annie E. shall outlive my said brother Daniel, then and in that case I will and devise the aforesaid real and personal property herein devised and bequeathed to the said Daniel to my said sister Annie E. McCaughin to have and enjoy the use thereof for and during the term of her natural life."

I find nothing in the language employed in the will to indicate an intention on the part of the testator to limit his brother Daniel's interest to a life estate in case Daniel survived the testator and did not survive his sister Annie. The testator in his will has shown an intention that in some contingency he desired to have his property go to his sister Annie.

If the contingency be the death of Daniel, after surviving the testator and coming into possession of the property, before Annie, it changes what otherwise would be an absolute title and fee into a life estate and would, therefore, be inconsistent with the preceding provisions.

If the contingency be the death of Daniel during the lifetime of the testator, then all of the provisions of the will are consistent and harmonious.

I am of the opinion that the death of Daniel, contemplated in the will, was his death during the lifetime of testator and consequently Daniel took the said real and personal property absolutely, provided he made the payment to Annie as directed by said will. Daniel, having made such payment within the time prescribed, thereby became vested with the absolute ownership of said real and personal property.

I come to this conclusion all the more easily because it harmonizes with the construction apparently put upon the will by both Daniel and Annie.

I am of the opinion that under the provisions of the " Third " clause of said will, there was a contingent devise and gift to Edward F. McCaughin, Catherine J. McCaughin and Robert D. Mc-

Caughin, children of Edward McCaughin, a brother of testator, conditioned upon the life estate in Annie E. McCaughin created in the " Second " paragraph of said will, having vested in her, and subject to be divested as to either of said beneficiaries by their death before that of the life tenant, Annie E. McCaughin.

Under the construction given by me to the " Second " paragraph of said will Annie never became vested with a life estate and the above-named beneficiaries have no interest in any of the real and personal property of testator as remaindermen or otherwise.

Submit decree accordingly.